IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAUL STEADMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.:   04-BE-1148-E |
| | ) |
| CALHOUN COUNTY BOARD OF EDUCATION; et al., | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion for Summary Judgment (doc. 32). For the reasons stated on the record at the December 19, 2005 hearing and summarized below, the court finds that the Motion is due to be **GRANTED** as to all counts.

Plaintiff Paul Steadman sued his former employer, the Calhoun County Board of Education, as well as Superintendent H. Jacky Sparks, Principal Ed Whatley, and Assistant Principal Banyon Allison for alleged unlawful conduct related to the non-renewal of his teaching contract at Walter Wellborn High School.  Plaintiff, a non-tenured, white male teacher, alleged that he was discriminated and retaliated against based on his association with an African-American student.  Defendants argue that they are immune from Plaintiff's federal and state claims, and contend that Plaintiff failed to establish key elements necessary to support his claims.

As a preliminary matter, the court notes that Plaintiff did not respond to any of Defendants' arguments regarding Count Two's §1983 retaliation claim based on race association, Count Four's due process and stigmatization claims, Count Eight's suppression and concealment claims, Count Nine's outrage and intentional infliction of emotional distress claims, and Count

Ten's defamation claim. Consequently, the court concludes that Plaintiff abandoned those claims. Defendants' Motion as to Counts Two, Four, Eight, Nine and Ten is, therefore, **GRANTED**.

Counts One and Three assert claims of race discrimination and retaliation against all of the Defendants via the §1983 vehicle. The court finds that the Jefferson County Board of Education is immune from these claims because Plaintiff did not offer any evidence that "a deliberate choice to follow a course of action [was] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986). Accordingly, no evidence exists of a discriminatory "custom, policy, or practice" that Plaintiff alleges occurred in this case. *See Monell v. Dept. of Social Svcs.*, 546 U.S. 658, 693-94 (1978).

The court also finds that Plaintiff's discrimination and retaliation claims against the individual defendants fail. Plaintiff did not establish a *prima facie* case of discrimination as alleged in Count One because the record contains no evidence that Plaintiff was privy to either an intimate association or expressive association protected by the First Amendment. *See McCabe v. Sharett*, 12 F.3d 1558, 1563 (11th Cir. 1994). With respect to his retaliation claim in Count Three, Plaintiff did not offer facts or pertinent legal authority to characterize his statement at the February Board Meeting as a matter of "public concern." *See Cook v. Gwinnett County School District*, 414 F.3d 1313, 1318 (11th Cir. 2005). Even assuming *arguendo* that Plaintiff's statement was a matter of public concern, nothing on the record shows that this speech played a substantial role in the adverse employment action. Consequently, Defendants' Motion with respect to Counts One and Three is **GRANTED**.

Counts Five, Six, and Seven include claims for negligent/wanton hiring, retention, and supervision against the Board and Superintendent Sparks. Pursuant to Article I, §14 of the Constitution of Alabama (1901), the court concludes that the Board is immune from suit. *See also Louvierre v. Mobile County Bd. of Educ.*, 670 So. 2d 873, 877 (Ala. 1995); *Sims v. Etowah County Bd. of Educ.*, 337 So. 2d 1310, 1315 (Ala. 1976); *Turk v. County Bd. of Educ. Of Monroe Cty.*, 131 So. 436, 437 (Ala. 1930). The court also finds that Defendant Sparks has qualified immunity from these claims in accordance with the Alabama Supreme Court's ruling in *Ex Parte Cranman*, where the Alabama Supreme Court held that "a state agent shall be immune from civil liability in his or her personal conduct when the conduct made the basis of the claim against the agent is based upon the agent's...hiring, firing, ...supervising...[or] educating...." *Ex Parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000) ; *see also L.S.B. v. Howard*, 659 So. 2d 43, 44 (Ala. 1995). Defendants' Motion as to Counts Five, Six, and Seven is **GRANTED**.

For the reasons stated above, Defendants' Motion for Summary Judgment will be granted by a separate order filed contemporaneously with this opinion.

DONE and ORDERED this 19th day of December, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE